IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SIERRA CLUB, WEST VIRGINIA HIGHLANDS CONSERVANCY, and OHIO VALLEY ENVIRONMENTAL COALITION, | ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 2:19-cv-00632 |
| v. | ) ) | (Judge John T. Copenhaver, Jr.) |
| UNITED STATES FISH AND WILDLIFE SERVICE; DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior; AURELIA SKIPWITH, in her official capacity as Director of U.S. Fish and Wildlife Service; U.S. OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT; LANNY ERDOS, in his official capacity as Principal Deputy Director Exercising the Authority of the Director of the Office of Surface Mining Reclamation and Enforcement, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**STIPULATED SETTLEMENT AGREEMENT AND ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between

Plaintiffs Center for Biological Diversity, Sierra Club, West Virginia Highlands Conservancy,

and Ohio Valley Environmental Coalition (collectively, "Plaintiffs") and Defendants United

States Fish and Wildlife Service ("Service"), David Bernhardt, in his official capacity as

Secretary of the United States Department of the Interior ("Interior"), Aurelia Skipwith, in her

official capacity as Director of the Service, U.S. Office of Surface Mining Reclamation and

Enforcement ("OSMRE"), and Lanny Erdos, in his official capacity as Principal Deputy Director

Exercising the Authority of the Director of OSMRE (collectively, "Federal Defendants"), who,

by and through their undersigned counsel, state as follows:

1

WHEREAS, in 1996, the Service issued its Biological Opinion and Conference Report on Surface Coal Mining and Reclamation Operations under the Surface Mining Control and Reclamation Act of 1977 ("1996 Biological Opinion") and accompanying incidental take statement ("ITS");

WHEREAS, in April 2017, OSMRE requested reinitiated consultation with the Service pursuant to Section 7(a)(2) of the Endangered Species Act ("ESA") on its regulatory program governing surface coal mining activities under Title V of the Surface Mining Control and Reclamation Act of 1977 ("SMCRA");

WHEREAS, OSMRE generally relies on the 1996 Biological Opinion for purposes of ESA compliance for the SMCRA Title V regulatory program and will continue to do so until the conclusion of the reinitiated consultation;

WHEREAS, on September 4, 2019, Plaintiffs filed a complaint seeking declaratory and injunctive relief in the above-captioned action;

WHEREAS, pending completion of the final biological opinion, the Service intends to submit guidance, within 60 days from the date of this Agreement, to the West Virginia Department of Environmental Protection that may be used in the development of Protection and Enhancement Plans ("PEPs") pursuant to SMCRA implementing regulations at 30 C.F.R. § 780.16(b) for surface coal mining and reclamation operations that may affect the Guyandotte River crayfish. The Service intends that such guidance will provide measures for minimizing impacts to and monitoring of the Guyandotte River crayfish. The parties understand that, after issuance, the Service will provide a copy of the guidance to Plaintiffs' counsel;

WHEREAS, the parties understand that pending completion of the final biological opinion on the SMCRA Title V regulatory program, Federal Defendants will provide Plaintiffs' counsel with (1) copies of any final PEP for any approved permit action that may affect the

Guyandotte River crayfish, and (2) copies of any final comments that the Service submitted to the West Virginia Department of Environmental Protection in relation to any such approved permit action;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1.     On or about October 16, 2020, the Service shall submit its final biological opinion to OSMRE on the SMCRA Title V regulatory program. Upon receipt of the final biological opinion from the Service, Federal Defendants shall file the biological opinion as an attachment to a status report to the Court.

2.     OSMRE shall make a determination pursuant to 50 C.F.R. § 402.15 within 30 days after receipt of the final biological opinion and notify Plaintiffs of that determination.

3.     The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in paragraphs 1 or 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other

party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4.      In the event that Defendants fail to meet a deadline specified in paragraphs 1–2 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5.      This Agreement requires only that the Defendants take the actions specified in paragraphs 1–2. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination required herein. To challenge any final determination issued in accordance with this Agreement, Plaintiffs will be required to file a separate action, and Defendants reserve the right to raise any applicable claims or defenses in response thereto.

6.      No part of this Agreement shall have precedential value in any pending or future litigation or administrative action or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the progress or completion of ESA consultation.

7.      Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiffs' complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8.      Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

9.      The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties. By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning Plaintiffs' complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10.      The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to

enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

11.     The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

12.     DISMISSAL OF ALL CLAIMS - Upon adoption of this Agreement by the Court, all counts of Plaintiffs' complaint shall be dismissed with prejudice.  Notwithstanding the dismissal of all claims, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

13.     This Agreement shall not preclude Plaintiffs from bringing a separate action challenging any new biological opinion issued by the Service and/or OSMRE's actions in light of its section 7 obligations and the Service's final biological opinion. Nor does the Agreement in any manner foreclose Plaintiffs from commencing a new action to challenge any ongoing or future reliance by OSMRE on the 1996 Biological Opinion 30-days after the Service has issued any new biological opinion.

14.     Upon entry of an order dismissing all claims in Paragraph 12, Defendants agree that Plaintiffs will be entitled to reasonable attorney's fees and costs incurred by their counsel, pursuant to the ESA, 16 U.S.C. § 1540(g)(4). Defendants agree to pay, and Plaintiffs agree to accept, **$29,200** in full and complete satisfaction of any and all claims pursuant to the ESA, the Equal Access to Justice Act, and/or any other statute or common law theory, for all attorney's fees and costs incurred by Plaintiffs in connection with the above-captioned lawsuit through and including the date of such dismissals.

6

15.     Defendant's payment described in Paragraph 14 above will be made by electronic funds transfer to the Center for Biological Diversity for appropriate distribution.

16.     Within ten (10) days of dismissal of all claims pursuant to this Agreement, counsel for Plaintiffs will provide Defendants with the following information necessary for Defendants to process the payment described in Paragraph 15 above by electronic funds transfer: the payee's name, the payee's address, the payee's bank account number, the account type, the name of the payee's bank, the bank routing transit number, and the payee's tax identification number.

17.     Defendants agree to submit all necessary paperwork for the processing of the payment described in Paragraphs 14 and 15 above to the appropriate office(s) within ten (10) business days of receiving the information necessary for processing the electronic funds transfer described in Paragraph 16 above.

18.     By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including hourly rates, in any future litigation. Further, this Agreement has no precedential value and shall not be used as evidence in any other attorney's fees litigation.

Dated: April 7, 2020                                    Respectfully submitted,

/s/ Jared M. Margolis                                   JEAN E. WILLIAMS
Jared M. Margolis (OR Bar No. 146145)                   Deputy Assistant Attorney General
CENTER FOR BIOLOGICAL DIVERSITY                         SETH M. BARSKY
2852 Willamette St. # 171                               Section Chief
Eugene, OR 97405                                        MEREDITH L. FLAX
Phone: (802) 310-4054                                   Assistant Section Chief
Email: jmargolis@biologicaldiversity.org

Attorney for Plaintiff Center for Biological            /s/ Mark Arthur Brown
Diversity                                               MARK ARTHUR BROWN
                                                        Senior Trial Attorney
/s/ Benjamin A. Luckett                                 United States Department of Justice
Benjamin A. Luckett (WV Bar No. 11463)                  Environment & Natural Resources Division

7

Appalachian Mountain Advocates
P.O. Box 507
Lewisburg, WV 24901
Phone: (304) 645-0125
Email: bluckett@appalmad.org

*Local Attorney and Attorney for Sierra Club,
West Virginia Highlands Conservancy and Ohio
Valley Environmental Coalition*

*Attorneys for Plaintiffs*

Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0210
Fax: (202) 305-0275
E-mail: mark.brown@usdoj.gov
*Attorneys for Defendants*


SO ORDERED:

U.S. District Judge
Dated:      May  15    , 2020

8